807 P.2d 643

**Ernie GRAY, Plaintiff–Appellant,**

v.

**Bradley N. GORE,
Defendant–Respondent.**

**No. 18504.**

Supreme Court of Idaho,
Boise, December 1990 Term.

March 15, 1991.

M. Karl Shurtliff, Boise, for plaintiff-appellant.

Thomas G. Maile, IV, Boise, for defendant-respondent.

BISTLINE, Justice.

We are asked to determine whether the district court acted beyond its authority in restricting the use of a roadway easement. We hold that restricting the use of this easement to daylight hours, and subjecting the dominant estate to forfeiture of the easement if any of the restrictions are not followed, was improper.

Ernie Gray and Bradley Gore are neighbors. A dispute arose over the use of a roadway on property owned by Gore that leads to property owned by Gray. Gray, the owner of the dominant estate, initiated an action seeking a judicial declaration that he was possessed of an easement over Gore's property. After considering the evidence, the district court held that there was an easement by implication from continuous use, and an easement by necessity. *Cordwell v. Smith*, 105 Idaho 71, 665 P.2d

1081 (Ct.App.1983). In entering the judgment the court imposed restrictions on the use of the easement. These restrictions included:

4. The plaintiff [Mr. Gray] shall maintain the easement in a passable condition without expense to the defendant.

5. The easement may be used by the plaintiff and those authorized by him only for the movement of farm machinery or feed to the plaintiff's property and livestock.

6. The plaintiff shall not interfere with the defendant's use of his property, except in the proper use and maintenance of the easement.

7. The plaintiff shall only use the easement during daylight hours.

8. The plaintiff shall not allow dogs or other animals belonging to him onto the defendant's property while using the easement.

9. Violation of the conditions of use of the easement may result in forfeiture of the easement rights.

R. 37. Gray moved to alter or amend the judgment to remove the restrictions. This motion was denied, and Gray appealed to this Court solely to challenge the validity of those restrictions, and the provision of forfeiture for violation of any of the restrictions.

■ We hold that restriction number seven, above, impermissibly lessens the quality of the easement. As was discussed by the Court of Appeals in *Boydstun Beach Ass'n v. Allen*, 111 Idaho 370, 378, 723 P.2d 914, 923 (Ct.App.1986), removal of a time restriction placed upon the use of an easement does not give the user license to disturb the peace. Nevertheless, the user is permitted to the reasonable use of this easement even during the evening, early morning, and other hours of the day when the sun is not shining.

■ The forfeiture provision cannot stand because there was no authority in the court below to impose it. Should an easement be granted from A to B, the court not being involved, as a condition of granting the easement any restriction on

the grantee's use of the easement would be by reason of agreement. There are remedies available to the servient estate when and if this easement is abused by the owner of the dominant estate. However, there is no support in the law for an automatic forfeiture of this easement if the restrictions placed on the easement by the district court are not followed. As a matter of Idaho history, most forfeiture provisions, even those incorporated in written agreements, signed and acknowledged by all of the involved parties, will not be honored in order to avoid unconscionable results. *Graves v. Cupic,* 75 Idaho 451, 272 P.2d 1020 (1954).

The judgment of the district court is affirmed, with modifications. The daylight use only restriction is removed from the judgment, and the forfeiture provision is also removed. Costs to appellant; no fees on appeal.

JOHNSON and BOYLE, JJ., concur.

BAKES, C.J., and McDEVITT, J., concur in the result.